Hurley v. Prison                    CV-94-13-SD    02/12/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Thomas Hurley, Jr.

        v.                              Civil No. 97-13-SD

Lance Messenger, et al


O R D E R


Thomas Hurley, Jr., objects to an order of the magistrate judge.  Document 7.[1]  Having conducted the requisite de novo review, the court accepts the order without modification. Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 49-50 (1st Cir. 1995).


1.  Background

On January 8, 1997, Hurley, who is currently incarcerated in the New Hampshire State Prison, filed a pro se civil rights action claiming violation of certain of his constitutional rights.  Governed by the current provisions of 28 U.S.C. § 1915, the complaint was accompanied by a financial declaration of

_____

[1]The magistrate judge actually issued two orders, the first on January 13, 1997 (document 4), and the second, on motion for reconsideration, on January 24, 1997 (document 6).  The court treats the two documents as a single order for purposes of the instant proceedings.

plaintiff, a certificate of the prison concerning his average monthly deposits in his account for the six-month period immediately preceding, and the ledger account of plaintiff for the period January 1 through December 27, 1996.

As required by Local Rule 4.3(d)(2), the magistrate judge reviewed these documents.[2] The magistrate judge found that plaintiff should pay a filing fee of $10.40 by January 23, 1997, and, in addition, 20 percent of each preceding month's income credited to plaintiff's account was to be remitted by the prison authorities when the amount in the account exceeded $10 until the filing fee of $150 had been paid. Perceiving that somehow his constitutional rights have been impinged, Hurley objects to this order.

## 2. Discussion

On April 26, 1996, the President of the United States signed the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Public Law 104-134, 110 Stat. 1321 (1996), title VIII of which is the Prison Litigation Reform Act (PLRA) of 1995. The PLRA amended 28 U.S.C. § 1915 by requiring prisoners to pay the full amount of filing fees by subjecting the prisoner's "trust

---

[2]Local Rule 4(d)(2) concerns the reference to the magistrate judge of all in forma pauperis filings. Such reference is authorized by 28 U.S.C. § 636.

fund account . . . (or institutional equivalent)," 28 U.S.C. §
1915(a)(2), to periodic partial payments.  The initial payment is
20 percent of (a) the average monthly deposits in the account for
the past six months or (b) the average monthly balance in the
account for the past six months, whichever is greater, id. §
1915(b)(1), unless the prisoner has no assets, id. § 1915(b)(4).
Subsequent payments are 20 percent of the preceding month's
income in any month in which the account exceeds ten dollars
until the filing fees are paid.  Id. § 1915(b)(2).[3]

Local Rule 4.2(a)(2), (b), and (c)(2)(A), (B), tracks the
aforesaid requirements of 28 U.S.C. § 1915.  Examination of the
documents here filed concerning the plaintiff's institutional
account satisfies the court that the magistrate judge correctly
computed, as required by 28 U.S.C. § 1915 and Local Rule
4.2(a)(2) the initial filing fee of $10.40, with subsequent
payments of 20 percent of each preceding month's income credited
to plaintiff's account, to be paid by the prison authorities when
the amount in the account exceeds ten dollars until the sum of
$150 has been paid.  Accordingly, finding that the rulings of the
magistrate judge are neither clearly erroneous nor contrary to

_____

[3]The validity of the PLRA has been confirmed by a number of
courts which have addressed its terms and conditions.  See
Santana v. United States, 98 F.3d 752 (3d Cir. 1996); Martin v.
United States, 96 F.3d 853 (7th Cir. 1996); Leonard v. Lacy, 88
F.3d 181 (2d Cir. 1996).

law, 28 U.S.C. § 636(b)(1)(A), the court herewith accepts the order without further modification. Plaintiff is given until February 26, 1997, to make payment of the initial filing fee of $10.40. If he fails to do so, the action is to be dismissed without prejudice.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 12, 1997

cc:   Thomas Hurley, Jr., pro se

4